WINFREE, Justice,
dissenting in part.
I respectfully disagree with the court's new framework for identifying the marital portion of a retirement benefit that is completely earned in a finite period of service time and that has a value not dependent on (1) any future financial contributions from the employee, or (2) the employee's continued employment. I would follow, not reverse, our very recent decision in Sparks v. Sparks.[1]
The retirement benefit in this case was a contractual right Becky Engstrom earned by working for a required number of years. The court's quotation from Brett Turner that employers don't make gratuitous transfers to employees without expecting anything in return must be read in context and does not support the court's position. The quotation is taken from a section where Turner explains that retirement benefits are property rights based in contract.[2] Distinguishing retirement benefits from professional degrees and inheritances and articulating why retirement benefits are property, Turner emphasizes that: (1) "[rletirement benefits are contractual rights"; (2) once benefits have been earned the employee "has a legally enforceable right to receive" them in the future; and (3) employers "frequently use lucrative retirement packages in leu of additional salary to attract and retain desirable employees.[3]
Turner then explains why it does not matter whether a retirement benefit arises from employee contributions, employer contributions, or both, stating that the notion that employee contributions are necessary to create property does not make sense because the employer contributions were made as part of the employment contract.[4] Within this context Turner states: "Employers simply do not make gratuitous transfers to their employees without expecting anything in return." [5] But in this section Turner is notably silent on when an employee's retirement benefits are acquired or funded,[6] leaving that issue to other sections.[7]
Here the contract was simple: work a certain number of years and earn a defined retirement health benefit. Becky worked
*776 those years and acquired the future benefit; she did not get something for nothing. No matter how the benefit ultimately is funded, Becky fully performed her part of the bargain, and her employer received the full bargained-for consideration. Becky had no obligation to work more years to receive the benefit, and she had no obligation to pay anything for the benefit during or after the vesting period. The fact that the benefit is funded with a legal Ponzi-like scheme, using current health eare premiums to fund both current employees' and retired employees' health benefits and leaving any day of reckoning to the Alaska Legislature, cannot change the fact that Becky earned the retirement benefit the day she completed the required service period.[8] No part of the retirement benefit was earned or acquired after the day Becky reached her service requirement.[9] In my view the number of years of marriage during the required service period must be the numerator and the number of years of the service requirement must be the denominator in the coverture fraction.[10]

. 233 P.3d 1091, 1097 (Alaska 2010) (concluding that post-retirement health benefits were separate property when the entire value of the benefits was "earned before marriage").

. 2 Brer R. Turner, Eovitaste Distrisution or Property § 6.22 at 131-32, (3d ed. 2005) (''There are two substantial questions which arise when courts use their equitable distribution statute to classify retirement benefits First, the court must determine whether the benefits meet the definition of property; and second, the court must determine which benefits were acquired during the marriage. This section considers the first of these questions." (Emphasis in original.)).

. Id. al 132-33.

. Id. at 140-41.

. Id. at 141.

. See id. at 131-42. ;

. See id. §§ 6:24-25, at 142-49.

. In Hansen v. Hansen we noted: "[Plost-di-vorce, pre-retirement health insurance benefits are compensation for contemporaneously performed work and are therefore separate property, whereas post-retirement health insurance benefits are compensation for work previously performed." 119 P.3d 1005, 1015 (Alaska 2005) (citing Turner § 6.26 (2d ed. Supp.2004)). It appears to me that along with expressly overruling Sparks v. Sparks, 233 P.3d 1091 (Alaska 2010), the court implicitly 'overrules this portion of Hansen as well.

. Cf. Young v. Kelly, 334 P.3d 153, 158-59 (Alaska 2014) (stating that "we deem [retirement benefits] acquired during marriage to the extent the working spouse earns them during the marriage"); Sparks, 233 P.3d at 1097 (stating retirement benefits "are usually designated as partly marital and partly separate based on which portion was earned during the marriage"). Again, no portion of the retirement benefit was earned after Becky fully vested.

. See TurnEr, supra note 2, § 6.25, at 149-50 (stating coverture formula as "creditable time during the marriage" divided by "total creditable time" and noting the denominator "must match exactly the period of time over which the employee acquired the benefit" (emphasis in original)). Here Becky acquired the benefit at vesting, and the only relevant creditable time was the vesting period.
It is true that in Hansen the court stated that the coverture fraction denominator should be the total number of years worked. 119 P.3d at 1015. But the focus of the decision was on the numerator, and no facts about the denominator factors were before the court, or at least were not discussed in the opinion. If post-retirement health ° insurance benefits were continuing to be earned post-divorce throughout the work life, Hansen 's statement about the denominator was entirely correct; but, again, that was not the focus of that decision.